# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. |
| **$14,240.00 IN UNITED STATES CURRENCY,** | |
| Defendant. | |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Assistant United States Attorneys Amy B. Blackburn and Stacey Perkins Rock, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

2. The defendant, $14,240.00 in United States currency, was seized from Terez Lewis and Elisha Curry on April 19, 2018, on Interstate 70 at the 72 mile marker in Saline County, Missouri[1]. It is presently in the custody of the United States Marshals Service in Kansas City, Missouri.

---

[1] The total amount seized was $42,683.10. However, the only claim filed was for $14,240.00.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. On April 19, 2018, at approximately 10:49 a.m., on Interstate 70 at the 72 mile marker in Saline County, Missouri, Trooper L. Dancy, Missouri State Highway Patrol, stopped a 2007 Jeep Compass, bearing Missouri registration DK6R8Z for exceeding the posted speed limit, 83 MPH in a 70 MPH zone.

8. Trooper Dancy identified the driver as Terez LEWIS and the occupant as Elisha CURRY.

9. During the roadside stop, Trooper Dancy smelled an odor of burnt marijuana emanating from within the vehicle.

10. Trooper Dancy performed a check on the operator status of LEWIS' driver license and learned that the State of Missouri suspended LEWIS' driver license.

11. Both CURRY and LEWIS told to Trooper Dancy that they were traveling from Sedalia, Missouri to the Kansas City International Airport (MCI). From MCI, they were traveling to Las Vegas, Nevada, via airplane.

12. Trooper Dancy conducted a probable cause search of the vehicle, based upon the odor of burnt marijuana. While conducting the probable cause search of the vehicle, Trooper Dancy located a black backpack located behind the driver's side front seat. This backpack contained a cloth bag, which contained a large amount of United States currency.

13. Trooper Dancy asked with LEWIS and CURRY about the ownership and amount of United States currency in the bag. LEWIS told Trooper Dancy that the amount of United States currency was $30,000.00, which belonged to his brother, and he was delivering it to him in Las Vegas, Nevada. CURRY told Trooper Dancy that the total amount of United States currency was $50,000.00.

14. Trooper Dancy also recovered a misdemeanor amount of marijuana that CURRY had in her possession.

15. Trooper Dancy took LEWIS into custody for driving while on a suspended driver license and CURRY into custody for misdemeanor possession of marijuana.

16. Trooper Dancy transported CURRY and LEWIS to the Saline County, Missouri Sheriff's Office.

17. Trooper Dancy contacted Missouri State Highway Patrol Sergeant Greg Primm, currently assigned to the Missouri State Highway Patrol's Division of Drug and Crime Control. Trooper Dancy requested Sergeant Primm respond to the Saline County, Missouri Sheriff's Office to assist with this investigation.

18. Sergeant Primm arrived at the Saline County, Missouri Sheriff's Office and interviewed CURRY. Sergeant Primm advised CURRY of her Miranda rights. CURRY said she understood her rights, waived her right to an attorney, and agreed to speak with Sergeant Primm.

19. CURRY told Sergeant Primm that she and LEWIS were traveling to Las Vegas, Nevada for a vacation. CURRY showed Sergeant Primm their boarding passes to an airline to corroborate her claim of traveling to Las Vegas, Nevada.

20. CURRY also told Sergeant Primm that the United States currency located by Trooper Dancy belonged to both LEWIS and to her and that it was money they had gathered from savings, tax returns and borrowed from CURRY's 401K. However, CURRY later stated to Sergeant Primm that the United States currency was a collection of United States currency from LEWIS, from her, and from other parties, whose identities CURRY did not want to divulge. CURRY could not explain to Sergeant Primm how much of the United States currency belonged to each party that had pooled the United States currency together. Eventually CURRY become frustrated and stated to Sergeant Primm, "Just burn it for all I care."

21. Sergeant Primm reviewed CURRY's reported wage earnings from 2016 and 2017 and noted both years totaled $55,346.17.

22. Sergeant Primm requested consent from CURRY to search the cellular phone in her possession and she granted Sergeant Primm consent to search her cellular phone.

23. While searching through the text messages in CURRY's cellular phone, Sergeant Primm located text messages between CURRY and LEWIS where LEWIS asked CURRY if Erica, LNU, could stop by the house and get a "zip." It should be noted that "zip" is terminology used in the narcotics industry for one ounce of illegal narcotics. In another text message from LEWIS to CURRY, Sergeant Primm observed LEWIS direct CURRY to "put together a zip."

24. Sergeant Primm asked CURRY about these specific text messages but CURRY did not want to discuss the text messages, stating her boyfriend, LEWIS, uses marijuana.

25. Sergeant Primm advised LEWIS of his Miranda rights. LEWIS said he understood his rights, waived his right to an attorney, and agreed to speak with Sergeant Primm.

26. LEWIS told Sergeant Primm that he lives a frugal life, saved most of his paychecks from Tyson's Foods and kept cash savings from his paychecks in his residence. LEWIS claimed that the United States currency belonged to him and his friend, Donovan Murphy, who he called his brother. LEWIS said that Murphy was meeting him in Las Vegas, Nevada for the "420" weekend and Murphy asked LEWIS to stop by Murphy's house in Sedalia, Missouri and get him "about $15,000.00." LEWIS also said that the United States currency was also co-owned by Murphy's girlfriend, Brooke LNU.

27. With LEWIS' permission, Sergeant Primm attempted to contact Murphy using LEWIS' cellular phone, but Murphy did not answer.

5

28. LEWIS also told Sergeant Primm that the United States currency was co-owned by Storm Sheppard, of Sedalia, Missouri. LEWIS said he unintentionally took Sheppard's United States currency from Murphy's residence. LEWIS claimed that he believed $5,000.00 to $6,000.00 of the United States currency belonged to Sheppard. LEWIS said he did not have any contact information for Sheppard.

29. LEWIS summarized the ownership of the United States currency as $15,000.00 in United States currency belonged to him and CURRY, $15,000.00 in United States currency belonged to Murphy and Brooke LNU and $5,000.00 to $6,000.00 in United States currency belonged to Sheppard.

30. LEWIS then told Sergeant Primm that LEWIS, Murphy and Sheppard pooled their money together with the intent to open a car dealership and that the United States currency that was discovered through Trooper Dancy's traffic stop was the money associated with that agreement between LEWIS, Murphy and Sheppard.

31. Sergeant Primm asked LEWIS how the plan changed from using this United States currency for opening a car dealership to taking it to Las Vegas, Nevada, and LEWIS only stated, "I don't plan on spending it all."

32. Sergeant Primm requested consent from LEWIS to search his cellular phone and LEWIS granted Sergeant Primm permission to search his cellular phone.

33. Sergeant Primm located text messages on LEWIS' cellular phone regarding individuals asking LEWIS if he had any marijuana, using various terminologies. Sergeant Primm also located text messages corresponding to CURRY's cellular phone regarding marijuana distribution.

34. Sergeant Primm reviewed LEWIS' wages earned from 2016 and 2017, which totaled $36,248.22, which included periods of unemployment. In addition,

Sergeant Primm discovered that LEWIS currently has an unemployment claim filed and received a benefits check in the amount of $51.00 on April 12, 2018.

35. Sergeant Primm also reviewed social media data pertaining to LEWIS and discovered that LEWIS had recently traveled to Colorado and California.

36. Sergeant Primm also found that LEWIS and CURRY both have criminal histories related to drug possession; LEWIS' for distribution of a controlled substance.

37. Sergeant Primm noted CURRY and LEWIS were admittedly traveling to Las Vegas, Nevada for the "420" events. April 20th is a significant date in the marijuana culture due to the numbers of the date being 420, which is a popular terminology in the marijuana culture for the consumption of marijuana.

38. Based upon text messages found in the cellular phones of both LEWIS and CURRY, it appears that LEWIS and CURRY sell marijuana in the State of Missouri and LEWIS and CURRY's answers regarding the United States currency were constructed to conceal or disguise the nature, source and ownership of proceeds of criminal activity; the distribution of marijuana.

39. Sergeant Primm transported the United States currency to Horizon's Credit Union in Lee's Summit, Missouri, where a teller counted the United States currency. The total amount of United States currency counted by the teller was $42,663.10.

40. Sergeant Primm then took the United States currency to the Missouri State Highway Patrol's evidence room at Troop A Headquarters in Lee's Summit, Missouri. At the Headquarters, as part of the necessary evidence processing, Sergeant Troy Blunt and Corporal Jeff Spire witnessed Sergeant Primm re-count the United States currency. While Sergeant Primm counted the United States

currency, he could smell the odor of raw marijuana from the currency. The amount of the currency was the same as the amount counted by the teller at Horizon's Credit Union bank.

41. The denominations of United States currency seized from LEWIS and CURRY consisted of the following used bills:

```
309 X $100's = $30,900.00
38 X $50's   = $ 1,900.00
472 X $20's  = $ 9,440.00
19 X $10's   = $   190.00
27 X $5's    = $   135.00
98 X $1's    = $    98.00
1 X $0.10    = $     0. 10
Total        = $42,663.10
```

42. On May 15, 2018, the Prosecuting Attorney for Saline County, Missouri advised the United States Attorney's Office for the Western District of Missouri that they declined to proceed with a state forfeiture action regarding the $42,663.10 in United States currency.

43. On May 31, 2018, TFO James Garrett executed a federal seizure warrant for the $42,683.10 held by the Missouri State Highway Patrol. On June 1, 2018, DEA took the $42,683.10 to Dunbar Armored where the cash was counted again. The $42,683.10 was then deposited into the United States Marshals Service account at Dunbar. The United States Marshals Service manages the Seized Asset Deposit Fund Account.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

44. Plaintiff repeats and incorporates by reference the paragraphs above.

45. By the foregoing and other acts, the defendant $14,240.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

46. Plaintiff repeats and incorporates by reference the paragraphs above.

47. By the foregoing and other acts, the defendant $14,240.00 in United States currency constitutes proceeds traceable to an exchange of moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

### THIRD CLAIM FOR RELIEF

48. Plaintiff repeats and incorporates by reference the paragraphs above.

49. By the foregoing and other acts, the defendant $14,240.00 in United States currency constitutes moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*, and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE the United States prays that the defendant property be forfeited to the United States, that the Court award plaintiff its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

                                  Respectfully submitted,

                                  Timothy A. Garrison
                                  United States Attorney

By:    */s/ Amy B. Blackburn*
        Amy B. Blackburn, MO #48222
        Assistant United States Attorney
        400 E. 9th Street, Fifth Floor
        Kansas City, Missouri 64106
        Telephone: (816) 426-7173
        E-mail: amy.blackburn@usdoj.gov

        Stacey Perkins Rock, #66141
        Assistant United States Attorney
        Telephone: (816) 426-3122
        E-mail stacey.perkins-rock@usdoj.gov

# VERIFICATION

I, Task Force Officer Martin J. Dye, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the factual matters contained in paragraphs seven through thirty-eight of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated  09/24/18                    */s/ Martin H. Dye*
                                   Martin H. Dye
                                   Task Force Officer
                                   United States Drug Enforcement
                                   Administration

11

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Saline County

**Defendant(s):**
First Listed Defendant:
$14,240.00 in United States Currency ;
**County of Residence:** Jackson County

**County Where Claim For Relief Arose:** Saline County

**Plaintiff's Attorney(s):**
Assistant United States Attorney Amy B. Blackburn ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** amy.blackburn@usdoj.gov

Assistant United States Attorney Stacey Perkins Rock ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** stacey.perkins-rock@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** Amy Blackburn

**Date:** 9/25/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.